UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>KRISTINE L. HORDICHOK,<br><br>　　　　Defendant-Movant. | Case No. 2:10-CV-013-BLW<br>　　　　2:08-CR-089-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Kristine L. Hordichok's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1). Having reviewed the Motion, the Government's Response (Dkt. 10), and Hordichok's Reply (Dkt. 17),[1] as well as the underlying criminal record, the Court enters the following Order dismissing the § 2255 Motion.

### BACKGROUND AND SUMMARY OF ISSUES

On April 22, 2008, the Government filed an Indictment charging Hordichok with one count of conspiracy to possess with intent to distribute 500 grams or more of a

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, 2:08-CR-089-BLW.

**MEMORANDUM DECISION AND ORDER - 1**

mixture or substance containing methamphetamine and three counts of possession with intent to distribute methamphetamine. *Indictment*, Dkt. 1. On May 28, 2008, the Government filed a Superseding Indictment which added two Defendants to the conspiracy charge. *Superseding Indictment*, Dkt. 18. On September 26, 2008, pursuant to a Plea Agreement, Hordichok entered a plea to the conspiracy charge in return for the Government's agreement to dismiss the possession counts and to not bring any other charges. *Plea Agreement*, Dkt. 59; *Minutes*, Dkt. 66.

Hordichok had been in custody all but the last three weeks prior to entering her plea. *See Detention Order*, Dkt. 13; *Order Denying Release from Custody*, Dkt. 34; *Order Denying Motion for Reconsideration of Pretrial Release*, Dkt. 49; *Minutes*, Dkt. 62 (allowing release until continued plea hearing date). At the request of the Government to facilitate her cooperation, the Court permitted Hordichok to remain on release following her plea despite the fact that the statutory minimum sentence of ten years mandated detention absent special circumstances. A month later, she violated her conditions of release by using methamphetamine and was ordered detained pending sentencing. *Pretrial Release Petition and Order*, Dkt. 73; *Detention Order*, Dkt. 82.

On January 12, 2009, the Court sentenced Hordichok to 125 months of imprisonment based on a guideline range of 120-135 (offense level of 29 and criminal history category of III) to be followed by five years of supervised release. *Judgment*, Dkt. 102. The Court appointed new counsel to file a notice of appeal. *Order*, Dkt. 105. Hordichok subsequently voluntarily dismissed her appeal after counsel advised that the

waiver in the Plea Agreement and the mandatory minimum essentially precluded appellate relief. *USCA Order*, Dkt. 126; *Letter from Appellate Counsel*, Dkt. 17-2 in civil case.

On January 11, 2010, Hordichok timely filed the pending § 2255 Motion alleging five grounds of ineffective assistance of counsel. More specifically, she alleged that counsel (1) did not carefully and clearly explain the Plea Agreement to her prior to the Plea Hearing; (2) failed to ask for a continuance of the sentencing hearing to discuss the Presentence Report with her; (3) failed to compute her criminal history points correctly and or obtain a safety valve departure; (4) failed to follow through with Magistrate Judge Boyle's recommendation for pre-trial in-patient drug treatment; and (5) failed to obtain a psychological evaluation and to argue for a downward departure based on domestic violence and drug use. Hordichok requests a sentence reduction below the statutory minimum of ten years.

The Government responded that Hordichok waived her right to seek post-conviction relief on the asserted grounds because they did not fall within the exception to the waiver contained in the Plea Agrement. The Government further contends that Hordichok would fail on the merits of her claims if not deemed waived. *Response*, Dkt. 10 in civil case.

# LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a

determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. See *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## ANALYSIS

As stated above, the Government contends that Hordichok waived her right to bring the claims alleged in her § 2255 Motion. A review of the Plea Agreement and the plea colloquy supports this contention.

Pursuant to the Plea Agreement, in return for the concessions made by the Government, Hordichok agreed to waive her right to appeal or to seek relief under § 2255 except under certain limited circumstances.[2] *Plea Agreement* ¶ VII, Dkt. 59. More

---

[2] The full waiver provision provides as follows:

    A.    In exchange for the Government's concessions in this Plea Agreement, and except as provided in subparagraph B, Defendant waives to the full extent of the law any right to appeal or to collaterally attack the conviction, entry of judgment, sentence (including any restitution or forfeiture order), or entry of sentence. This waiver includes appeals and collateral attacks based on any source whatever, including but not limited to:

    1.    28 U.S.C. § 1291 (judgment and conviction);
    2.    18 U.S.C. §§ 3553 and 3742(a), and 28 U.S.C. § 1291 (sentencing);
    3.    28 U.S.C. §§ 2241 - 2255 (habeas corpus).

    The defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack the Defendant might file challenging her conviction or sentence in this case. Further, if the Defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the Plea Agreement.

    If the Defendant believes the Government has not fulfilled its obligations under this agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

    B.    Notwithstanding subparagraph A, the Defendant shall retain the right to file one direct appeal under the following circumstances only:

specifically, Hordichok agreed to waive her right to file a § 2255 motion except for one alleging ineffective assistance of counsel based solely on information not known to her at the time sentence was imposed and which, in the exercise of reasonable diligence, could not have been known by her at that time. *Id.* at ¶ VII.B at 10.

**1.      Waiver**

A defendant may waive her statutory right to file a § 2255 motion challenging her sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). However, the plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion). Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea

---

       1.      the sentence imposed exceeds the statutory maximum as determined by the district court;

       2.      the district court arrived at an advisory sentencing guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

       3.      the district court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing guidelines range as determined by the district court.

Notwithstanding subparagraph A, the Defendant shall retain the right to file one habeas petition (motion under 28 U.S.C. § 2255) under the following circumstances only:

       1.      Defendant believes she received ineffective assistance of counsel based solely on information not known to the Defendant at the time the district court imposed sentence and which, in the exercise of reasonable diligence, could not have been known by the Defendant at that time.

agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005). *See also Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (finding waiver of right to file § 2254 petition is unenforceable with respect to an ineffective assistance of counsel claim challenging the voluntariness of the waiver itself).

Here, the waiver provision specifically states that the right to file a § 2255 motion is waived except for a § 2255 motion alleging ineffective assistance of counsel based solely on information not known to her at the time sentence was imposed. None of the allegations Hordichok advances was unknown to her at the time her sentence was imposed. Therefore, unless her waiver was unknowing and involuntary, all of her claims are barred.

Hordichok has not challenged the voluntariness of the waiver itself. However, she alleges that she did not understand the offense to which she was pleading or the sentence she would receive. Indeed, her primary contention appears to be that because counsel did not prepare her well for the plea hearing, she expected her sentence to be below the mandatory minimum either because of the safety valve or a departure for substantial assistance. The Court construes this to be an allegation that her plea was not voluntary and intelligent.

**2. Voluntary and Intelligent Plea**

A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397

U.S. 742, 748 (1970)). *See also* Hill v. Lockhart, 474 U.S. 52, 56 (1985) (test for determining plea validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant").

A guilty plea is deemed valid when a defendant is advised of the nature and elements of the charges against him and the possible punishment and understands that he is waiving his constitutional rights to avoid self-incrimination, to confront his accuser, and to have a jury decide his case. *See* Brady, 397 U.S. at 749. Furthermore, to be valid, a plea must not be made based on threats, misrepresentations, or improper promises. *Id. at 755*.

### A. Plea Agreement

Hordichok's signed Plea Agreement advised her of the nature and elements of the conspiracy charge to which she was pleading guilty, including a detailed factual basis for that charge. *Plea Agreement* ¶ III. The Plea Agreement also advised her of the statutory maximum penalty for the conspiracy charge. *Id.* ¶ IV. Finally, it advised Hordichok of her constitutional rights including "(1) the right to plead not guilty to the offense(s) charged against [her] and to persist in that plea; (2) the right to a trial by jury; and (3) the rights, at trial, to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify, to present evidence and to compel the attendance of witnesses." *Id.* ¶ II.

Hordichok acknowledged that she understood she was waiving the enumerated rights by pleading guilty. *Id.* She also acknowledged that she had discussed her rights

with her attorney and understood them, that the Government had not made any promises or inducements in exchange for the plea, and that no one had threatened or coerced her to enter a plea of guilty. *Id*. ¶ XIII.

### B.     Plea Colloquy

The Court has reviewed the transcript of the change of plea hearing. As Hordichok has alleged, she was confused at least initially about certain issues. Because of Hordichok's questions about the nature of a conspiracy charge and the mandatory minimum, the Court conducted an exhaustive plea colloquy.

The Court explained that the mandatory minimum was ten years and that the only way she could obtain relief from the mandatory minimum was through the safety valve[3]

---

[3] 18 U.S.C. § 3553(f): Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

or a motion by the Government for a departure based on her substantial assistance.[4] *Plea Tr.* 12. The Court made it quite clear that Hordichok would have difficulty obtaining relief from the mandatory minimum, and Hordichok said she understood. *Plea Tr.* 12-14. The Court advised Hordichok on several occasions about the mandatory minimum and the fact that it was the Government's decision to determine whether any assistance she provided amounted to substantial assistance. *See, e.g., Plea Tr.* 8 (Government is not required to move for a substantial assistance departure; if they do, Court is not required to grant it; you will have no right to withdraw your plea if they do not); *Plea Tr.* 12 (very difficult to obtain relief from the mandatory minimum; you can't count on that); *Plea Tr.* 13-14 (need to start with the premise that you're facing a ten year mandatory minimum; no guarantee of relief); *Plea* Tr. 44 (pleading guilty is irrelevant to getting relief from mandatory minimum); and *Plea Tr.* 45 (no guarantees you will receive a substantial assistance departure; if the Government does not make the motion, you may not withdraw from your plea).

During the plea hearing, the Court also reviewed the provisions of the Plea

---

[4] Relief from the mandatory minimum for substantial assistance requires the Government's § 5K1.1 motion to be accompanied by a motion under 18 U.S.C. § 3553(e) which provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Agreement, including those advising her of the nature and elements of the offense and the statutory penalties. *Plea Tr.* 35. The Court asked Hordichok if she had gone over every provision with her attorney and had received answers to any questions that she may have had. She answered affirmatively. Most significantly to Hordichok's pending claims, she responded that she understood that she was waiving her right to file an appeal or a § 2255 motion. *Plea Tr.* 36.

The Court twice gave Hordichok the opportunity to consult with counsel and/or withdraw her plea. She declined. Following the lengthy plea colloquy, the Court found the plea to have been knowing and voluntary. *Plea Tr.* 47.

Hordichok asked several questions during the plea hearing. However, she eventually stated under oath that she had reviewed the Indictment and the Plea Agreement with counsel in detail and understood them both, that she fully understood her constitutional rights and understood that she was waiving those rights, that she understood that the mandatory minimum was ten years, and that her decision to plead guilty was not the result of any threat or promise.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Kazcynski*, 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements). Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations

unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted).

Hordichok's confusion may or may not have been caused by counsel's alleged failure to adequately prepare her for the plea hearing. However, even assuming deficient performance, any deficiency on counsel's part was cured by the Court's thorough exploration of each doubt which was the followed by Hordichok's statements under oath that she understood. *Plea Tr.* 7 (understands that conspiracy to possess or distribute is a drug trafficking charge); *Plea Tr.* 8 (understands the Government is not required to move for a substantial assistance departure, the Court is not required to grant such a motion, and she has no right to withdraw from plea if there is no departure motion); *Plea Tr.* 11 (has reviewed and understands the charges); *Plea Tr.* 13-14 (understands no guarantee of relief from mandatory minimum); *Plea Tr.* 28-29 (understands that drug quantity in factual basis includes drugs attributed to others in the conspiracy); *Plea Tr.* 44 (understands after further explanation that pleading guilty alone does not result in relief from the mandatory minimum).

As the Ninth Circuit has noted, "[w]e have no doubt that the decision to plead guilty is a difficult one for many defendants, but the fact that one struggles with the decision, and might later even come to regret it, does not render it coerced." *See Doe v. Woodford*, 508 F.3d 563, 572 (9th Cir. 2007) (finding state court had not been objectively unreasonable in determining that the defendant's plea was voluntary where

the plea colloquy was thorough, the defendant responded that his plea was voluntary, and the defendant responded that he had enough time to discuss the plea with his attorneys). In *Doe*, the judge had inquired further whenever the defendant responded with any equivocation. Likewise, here, the Court explained further whenever Hordichok expressed any confusion. Hordichok obviously struggled with the decision to enter a plea but eventually did so stating, like the defendant in *Doe*, that she understood and that her plea was voluntary.

The Court finds that Hordichok has not overcome the strong presumption of verity of her sworn statements during the plea colloquy. Therefore, Hordichok's plea was voluntary and intelligent unless invalidated by ineffective assistance of counsel at the plea stage.

### 3. Ineffective Assistance of Counsel at Plea Stage

#### A. Legal Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82; 386 (1986).

Both prongs of the *Strickland* test must be met. *Strickland*, 466 U.S. at 687. In order to establish deficient performance, a defendant must overcome the strong

MEMORANDUM DECISION AND ORDER - 13

presumption that counsel's performance falls "within the wide range of reasonable professional assistance" by showing that counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688-89. In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694.

A defendant who pleads guilty based on the advice of counsel may only challenge the voluntary and intelligent character of the plea by showing that counsel's advice "was not within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (citations omitted). However, a showing of prejudice is also required before a court should be granted relief. *Id.* The appropriate standard for determining prejudice in cases involving plea bargains is that the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Here, assuming without deciding that counsel's performance was deficient in failing to properly explain the nature of the conspiracy charge or the impact of the mandatory minimum, the Court's extensive plea colloquy cured any such deficiency. Hordichok twice declined the Court's offer to allow her to consult further with counsel and perhaps withdraw her plea. Furthermore, Hordichok did not allege in her § 2255 Motion that but for counsel's omissions she would have gone to trial. She does so in her Reply, but only in response to the Government's claim that she had not. Accordingly, the Court cannot find that Hordichok's plea was unknowing and involuntary based on

ineffective assistance of counsel.

## CONCLUSION

Hordichok's claims of ineffective assistance of counsel at sentencing are barred based on the clear waiver of § 2255 rights in the Plea Agreement because they are all based on information, acts, or omissions that were known to her at the time the Court imposed sentence. However, as the Government contends, her remaining claims would fail even if not barred.

Hordichok did not meet the criteria for the safety valve because of her criminal history. Her violation of conditions of release prevented her from continuing the cooperation with the Government she had started.[5] Because she was therefore subject to the mandatory minimum, counsel's efforts in securing inpatient treatment pre-sentencing, seeking a psychological evaluation, or arguing the domestic abuse issue would have provided little, if any, benefit.

The Court was aware from the Presentence Report that Hordichok had suffered from abuse, yet her long-standing history of drug abuse – extended periods of sobriety notwithstanding – was the driving force behind the Court's decision to impose a sentence

---

[5] It was apparent at the plea hearing that Hordichok had at least started to cooperate with the Government. *Plea Tr*. 48 ("Ms. Hordichok has been working with law enforcement officers, and I believe if she remained out for a period of time she would be able to assist further in her own ability to earn a 5K1."). The Government requested that Hordichok be released pending sentencing because of the AUSA's belief that she "has the ability to do quite a bit" in terms of providing assistance to the Government and that she could not do so if incarcerated. *Id*. at 48; 51. For that reason, the Court reluctantly agreed to Hordichok's release. *Id*. However, her opportunity to assist the Government was cut short by her own conduct in violating the terms of her release.

slightly higher than the mandatory minimum. The Court did not feel constrained at all by the mandatory minimum.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[6] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski,* 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that Hordichok waived her right to file a § 2255 on the grounds stated in her Motion to be debatable or wrong.

---

[6] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. See *United States v. Asrar,* 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED:**

1. Kristine L. Hordichok's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED** in its entirety.

2. No certificate of appealability shall issue. Hordichok is advised that she may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, she must file a timely notice of appeal.

3. If Hordichok files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **July 9, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge